**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ROY STILWELL, et al., | No. 12-15603 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-1549-PMP-VCF |
| v. | |
| CLARK COUNTY, NEVADA, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted November 7, 2013
San Francisco, California

Before: REINHARDT and WATFORD, Circuit Judges, and LYNN, District
Judge.[**]

This Court reviews <u>de novo</u> the district court's decision to dismiss

Appellants' Complaint for failure to state a claim. <u>See</u> <u>Manzarek v. St. Paul Fire &</u>

<u>Marine Ins. Co.</u>, 519 F.3d 1025, 1030 (9th Cir. 2008). For the reasons given by the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for the Northern District of Texas, sitting by designation.

district court, dismissal of Appellants' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was not erroneous; however, the district court abused its discretion in dismissing the case with prejudice, without granting Appellants leave to amend.

The district court determined that further amendment would be futile, based on the allegations contained in Appellants' proposed First Amended Complaint. It did not, however, provide any specific explanation for that conclusion, but, rather, merely referenced the Defendants' Motions to Dismiss. Further, the dismissal with prejudice was contrary to the district court's prior assurance that Appellants would be "allow[ed] leave to amend the [C]omplaint to cure whatever deficiencies are present," and would not be "married" to their proposed First Amended Complaint for purposes of the district court's determination of the propriety of amendment. Under these circumstances, the failure to allow amendment constituted an abuse of discretion. See Gompper v. VISX, Inc., 298 F.3d 893, 897-98 (9th Cir. 2002).

We accordingly vacate the district court's judgment dismissing Appellants' Complaint with prejudice. This case is remanded for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**

**Costs awarded to plaintiffs.**